[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11885
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cv-00415-MMH-PRL

LAZARO CABRERA,

Plaintiff-Counter
Defendant-Appellant,

GEORGIA L. DAVIS,

Plaintiff-Appellant,

CHRIS MULLEN,

Plaintiff,

versus

TOWN OF LADY LAKE, FLORIDA,

Defendant-Counter
Claimant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 19, 2014)

Before TJOFLAT, PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Lazaro Cabrera and Georgia L. Davis appeal the summary judgment in favor of their former employer, the Town of Lady Lake, Florida.  We affirm.

Cabrera, a police officer and canine handler, filed a complaint against the Town to recover unpaid overtime compensation under the Fair Labor Standards Act.  Later, the Town opened an internal affairs investigation to determine whether Cabrera had violated policies of the Town while managing its canine training school.  The Town also investigated Davis's role in the training school.

After the investigation commenced, Davis took sick leave to recover from an eye surgery and entered the Communications Center of the police department to review video recordings made by internal surveillance cameras.  The Town fired Davis for viewing the videotapes, and she then joined Cabrera's action as a plaintiff.  The Town also fired Cabrera when he was unable to return to work because of a medical condition.

Cabrera and Davis filed a second amended complaint containing additional claims that the Town had opened the internal affairs investigation against Cabrera in retaliation for his complaint about overtime pay; the Town had made Davis a subject of the investigation and fired her in retaliation for offering to testify for Cabrera and for joining him as a co-plaintiff; and the Town had fired Davis to

2

interfere with and retaliate for taking leave under the Family and Medical Leave Act.  The Town moved for summary judgment and attached to its motion the depositions of Cabrera, Davis, and the Town Manager; Cabrera's employment contract; Davis's response to her notice of termination; Davis's termination letter; and memoranda and emails from Cabrera, the Chief of Police, and the Town Manager.  Cabrera and Davis moved to strike the pleadings filed by the Town as a sanction for allegedly tampering with a witness, Officer Richard Parrish.

The district court entered summary judgment against Cabrera and Davis's second amended complaint.  The district court ruled that Cabrera and Davis failed to establish a prima facie case of retaliation under the Fair Labor Standards Act, or in the alternative, to establish that the legitimate reason proffered for the internal investigation was pretextual.  The district court also ruled that Davis failed to establish a prima case of interference or retaliation under the Family and Medical Leave Act.  The district court dismissed as moot Cabrera and Davis's motion to strike the pleadings filed by the Town.

The district court did not err by entering summary judgment against Cabrera's and Davis's claims of retaliation under the Fair Labor Standards Act. Cabrera and Davis failed to establish that they were subjects of the internal affairs investigation because of Cabrera's complaint for overtime compensation.  See Wolf v. Coca-Cola Co., 200 F.3d 1337, 1343 (11th Cir. 2000).  The Town

3

submitted testimony from Davis and an affidavit from the Town Manager establishing, without dispute, that the Town opened its investigation after learning that Cabrera had violated Town policies by conducting training sessions outside of town and by including civilians in those sessions and that Davis had undergone training despite being denied permission to do so by the Chief of Police. Cabrera and Davis submitted an affidavit from Corporal Hicks that the Chief of Police had remarked a few months before opening the investigation that "there were problems . . . that he was working on" involving Cabrera and Davis, but that affidavit failed to create a genuine factual dispute about the legitimacy of the investigation. See Chapman v. AI Transp., 229 F.3d 1012, 1030 (11th Cir. 2000). Even if the Chief had intended to terminate Cabrera and Davis before he knew of irregularities in the canine school, his statement did not suggest that the investigation was connected to Cabrera's suit for overtime pay. See Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1328 & n.25 (11th Cir. 2011). Davis also failed to establish that the legitimate reason proffered for her termination was pretextual. See Elrod v. Sears, Roebuck and Co., 939 F.2d 1466, 1470 (11th Cir. 1991). Davis admitted that she was fired because she used the department video surveillance system, and she presented no evidence to dispute that the Chief of Police genuinely believed that Davis violated several departmental rules prohibiting the personal use of police video equipment.

4

The district court also did not err by entering summary judgment against Davis's claims of interference and retaliation under the Family Medical Leave Act. Davis's termination was unrelated to her use of leave under the Act. See Martin v. Brevard Cnty. Public Sch., 543 F.3d 1261, 1267 (11th Cir. 2008). Although Davis was fired while on sick leave, the undisputed evidence established that she was fired for violating departmental rules.

The district court also did not abuse its discretion by denying as moot Cabrera and Davis's motion to strike the defenses of the Town. "[T]he abuse of discretion standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla., 402 F.3d 1092, 1103–04 (11th Cir. 2005) (internal quotation marks and citations omitted). Cabrera and Davis accused the interim Chief of Police of tampering with witness Officer Parrish, but Parrish's deposition, which Cabrera and Davis attached to their motion, established that the Chief had not committed any wrongdoing. Cabrera and Davis also accused Officer Shane Barrett of attempting to influence Parrish's testimony, but the district court was entitled to find that "the evidence [did] not support" Cabrera and Davis's accusation. The undisputed evidence established that Barrett told Parrish to "tell the whole truth" and advised him that, "when the smoke clear[ed], [he would] be

5

ok." We cannot say that the district court made a clear error of judgment by denying Cabrera and Davis's motion to strike as moot.

Cabrera argues that he is entitled to overtime compensation for the time that he tended to his police dog while he was on vacation, but that argument is not properly before this Court. In his second amended complaint, Cabrera alleged that he was entitled to overtime pay for time he had spent during the workweek tending to his police dog and that he was entitled to have 68 hours returned to his leave account because he had to care for his police dog while he was on vacation. We will not consider a claim for overtime compensation that Cabrera did not present to the district court. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).

We **AFFIRM** the summary judgment in favor of the Town of Lady Lake.